UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-05

v.

JWAN HOYT
                                                    /

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

X     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

       X     18 U.S.C. § 3142(f)(1).

       __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__     (2)     The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

___      (3)      A period of less than five years has elapsed since

            ___      the date of conviction, **or**

            ___      the Defendant's release from prison for the offense described in finding (B)(1).

___      (4)      Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**      **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

     _X_      for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

     ___      under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

     ___      listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

     ___      listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

     ___      involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**      **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___      (1)      There is a serious risk that the Defendant will not appear.

___      (2)      There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

___   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

_X_   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must next consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 19 years of age and has been residing with his brother since November 2008. Defendant is single, has never been married, and has never been employed. Defendant conceded to Pretrial Services that he

has been using cocaine and marijuana for the past five years.  Preliminary urinalysis returned positive results for both marijuana and cocaine.

Defendant's juvenile criminal history indicates a conviction for third-degree retail fraud in Bay County.  His adult criminal record indicates that, in April 2009, Defendant pled guilty to attempted receiving and concealing firearms.  He was sentenced to two years' probation.  The Government represents that Defendant failed to appear for his sentencing on this charge as well as for sentencing on a traffic offense.  Defendant was ultimately arrested and then sentenced.  While on probation, Defendant failed to appear on at least one occasion and also had one positive urine test for illegal controlled substances.  Defendant was also required to undergo substance abuse counseling and treatment while on probation, and records of the treatment agency indicate that Defendant missed at least four sessions.  There are also indications from the treatment agency more generally that Defendant's attendance has been poor.  The Government proffers that Defendant has no steady address and was not present at his stated address when officers sought to arrest him.  Counsel for Defendant points out that Defendant voluntarily surrendered once he became aware of the outstanding warrant on these charges.

Counsel for Defendant proffers that Defendant is a candidate for bond and suggests third party custody with location monitoring.  However, counsel for the Government proffers that the proposed custodian has a criminal record including convictions for felony weapons charges as well as aggravated assault.  Counsel for Defendant also proposed Defendant's grandmother, however, according to Pretrial Services, she has refused to accept third-party custodianship.

In light of Defendant's lack of any meaningful family support, coupled with the fact that he has failed to abide by conditions of supervision on charges much less serious than he is now facing, I find that the Defendant has failed to rebut the presumption in favor of detention.

I further find that even if the presumption had been rebutted, in light of the Defendant's unwillingness to abide by past court supervision involving much less serious charges, there are no conditions, nor any combination of conditions, which I could set that would reasonably assure the safety of the community or Defendant's appearance as required.  The Government's motion to detain will therefore be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: November 16, 2009                United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Steve Jacobs, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 16, 2009          By      s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder